IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SALVATORE PELULLO,

                Plaintiff,

     v.

PHILADELPHIA DETENTION CENTER
PHILADELPHIA, et al,

                Defendants.

CIVIL ACTION
NO. 13-5165

## MEMORANDUM OPINION

Schmehl, J.  (/s/ JLS)                                        September 9, 2015

Before the Court is the Motion to Dismiss for Failure to State a Claim of the

Federal Defendants. (Docket No. 26). Plaintiff, Salvatore Pelullo, in custody at the time

he filed this action at the Federal Detention Center in Philadelphia ("FDC"), as well as at

the present time, alleges that on April 12, 2012, while at the FDC, he was beaten by a

number of guards. (See Second Amended Complaint, ¶ 34.). He claims that these actions

violate his constitutional rights and brings this action under 42 U.S.C. § 1983.

Plaintiff's motion to proceed in forma pauperis was granted on September 12,

2013, and his complaint was filed. On October 9, 2013, Plaintiff filed an Amended

Complaint, from which the Honorable Edmund V. Ludwig struck counts 13 and 14

pursuant to an order dated October 23, 2014. On November 25, 2013, Plaintiff filed a

Second Amended Complaint which was stricken by Judge Ludwig on December 4, 2013,

as untimely filed. On May 5, 2014, Judge Ludwig gave Plaintiff leave to amend his

complaint until May 30, 2014, and on July 14, 2014, Plaintiff filed yet another Second

Amended Complaint ("Sec Am Compl"). On December 12, 2014, the defendants filed a

Motion to Dismiss the Second Amended Complaint. This matter was then reassigned to the calendar of the undersigned. Plaintiff responded to Defendants' Motion to Dismiss on February 4, 2015 by filing what he called a "Motion in Opposition to Government's Motion to Dismiss."

## I.   <u>BACKGROUND</u>

Plaintiff filed a Second Amended Complaint setting forth claims against Captain Nash, Lt. Harris, Mr. Dempsey, Kevin Stremmel, Officer Mull, S. Kosteki, T. Nguyen, Mrs. Pasquel and John Does 1-2.[1] Plaintiff alleges on April 12, 2012, while at the FDC, he was approached by five correctional officers who were attempting to move him from his unit to the Special Housing Unit. (<u>See</u> Sec Am Compl ¶¶ 20, 24.) While being moved, he was ordered to face a wall and release a laundry bag that he was holding. (Sec Am Compl, ¶¶ 26-28.) Plaintiff complied after being ordered to release the bag a second time, then was handcuffed, thrown against a wall and beaten by Defendant Kostecki and three other unnamed guards at the direction of Defendant Harris. (Sec Am Compl ¶¶ 31-32, 34.) Plaintiff claims that Defendant Stremmel saw what was happening to him and made no efforts to help him. (Sec Am Compl ¶ 36.) Plaintiff further alleges that he became unconscious, was seen by Nurse Pascal, and had his medical exam videotaped by Defendant Mull. (Sec Am Compl ¶¶ 37-40.) He then contacted Defendant Dempsey, the Special Investigator Supervisor of FDC, regarding the incident and was told that he did not have a "winnable case." (Sec Am Compl ¶¶ 43-44.)

---

[1] Plaintiff's Amended Complaint that was filed on October 9, 2013, contained claims against FDC Philadelphia and Federal Bureau of Prisons. These defendants were dismissed by Judge Ludwig on October 23, 2013, pursuant to 28 U.S.C.§1915(e)(2)(B)(i) due to Plaintiff's failure to articulate a legal basis for a claim made against either defendant.

As a result of this incident, Plaintiff claims to suffer from depression, extreme nervousness, difficulty sleeping, excessive weight gain, and fear of authority figures. (Sec Am Compl ¶45.)

## II.      STANDARD OF REVIEW

A Rule 12(b)(1) motion to dismiss contests the court's authority to hear and decide the case. In a Rule 12(b)(1) motion, the party invoking jurisdiction has the burden of demonstrating that subject matter jurisdiction exists. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

## III.     DISCUSSION

As discussed more fully below, I find that all of Plaintiff's claims contained in his Second Amended Complaint are barred. Therefore, Defendants' Motion to Dismiss is granted and this matter is dismissed with prejudice.

### A.  Constitutional Claims Brought Against Defendants in their Official Capacities.

First, I must address Plaintiff's "Motion in Opposition to Government's Motion to

Dismiss" (Docket No. 29). In this "motion," Plaintiff asks the court to treat his action as a
Bivens action instead of an action under 42 U.S.C. § 1983, as it was pled, claiming that
he was "unaware that he should have brought a Bivens Action instead of a 1983 civil
rights action applicable to state prisoners suing state officials under color of state law." [2]
(See Docket No. 29, p. 2). As Plaintiff's Second Amended Complaint sues only federal
officers and federal employees, I find that this matter implicates Bivens despite being
filed as a 1983 action; therefore, I will grant Plaintiff's Motion and construe his Second
Amended Complaint as setting forth a Bivens claim against the federal defendants.

     Plaintiff brings claims in his Second Amended Complaint against federal
defendants Harris, Nash, Stremmel, Dempsey, Kostecki, Mull, Nguyen and Pascal.
Initially, I note that Plaintiff failed to name Kostecki, Mull, Nguyen and Pascal as
defendants in the three complaints that he filed before the present Second Amended
Complaint. Rather, Kostecki, Mull, Nguyen and Pascal were named as defendants in this
matter for the first time in Plaintiff's Second Amended Complaint, which was filed on
July 14, 2014. Moreover, Plaintiff's Second Amended Complaint was never served on
these four individuals. Therefore, this Court lacks jurisdiction over them personally and I
find the claims contained in Plaintiff's Second Amended Complaint as to Kostecki, Mull,
Nguyen and Pascal are brought against them in their official capacities only. Further, the
United States has sovereign immunity, including in matters involving tort claims against
its agencies or employees sued in their official capacities. Federal Deposit Insurance

---

[2] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct.
1999, 29 L.Ed.2d 619 (1971), the United States Supreme Court provided federal courts with the ability to
entertain suits seeking money damages against federal officers for violation of the United States
Constitution. A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for
unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n. 1 (3 Cir.
2007).

<u>Corp. v. Meyer</u>, 510 U.S. 471, 478 (1994). An action brought against a federal official in his official capacity is effectively an action against the United States and is therefore barred by sovereign immunity. <u>See</u> <u>Brown v. General Services Administration</u>, 425 U.S. 820, 826 (1976). Therefore, Plaintiff's action against Kostecki, Mull, Nguyen and Pascal in their official capacities as federal employees is barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Similarly, Plaintiff's claim for constitutional violations against Defendant Harris, who was properly served and therefore has been sued both individually and in his official capacity, must also be dismissed against Harris in his official capacity for a lack of subject matter jurisdiction due to sovereign immunity.

### B.  Constitutional Claim Brought Against Harris Individually.

Plaintiff brings constitutional claims against Defendant Harris individually and in his official capacity.[3] As discussed above, the official claim against Harris is barred due to sovereign immunity. I find that Plaintiff's individual claim against Defendant Harris must be dismissed due to Plaintiff's failure to exhaust administrative remedies.[4]

The Prison Litigation Reform Act ("PLRA") requires the exhaustion of administrative remedies for all actions concerning prison conditions brought under federal law. 42 U.S.C. § 1997e(a). Specifically, this section states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." <u>Id.</u>  Further, the Third

---

[3] Harris was properly served and is therefore subject to jurisdiction in this court.
[4] Although Defendants Kostecki, Mull, Nguyen and Pascal were not properly served in this matter and therefore cannot be subject to liability in their individual capacities, I find that even if Plaintiff could bring constitutional claims against these Defendants individually, these claims would also be dismissed due to Plaintiff's failure to exhaust administrative remedies, as discussed in this section.

Circuit has held that the PLRA requires "proper" exhaustion, which means the inmate must follow the procedural requirements of the prison grievance system. Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004). If a prisoner fails to follow the procedural requirements, his claims are procedurally defaulted and precluded from federal court. Id. at 231.

As the Third Circuit has held that the "or any other Federal law" language contained in §1997e(a) encompasses Bivens actions such as the one at issue here, Nyhuis v. Reno, 204 F.3d 65, 68-69 (3d Cir. 2000), Plaintiff in this matter needed to exhaust all administrative remedies available to him at FDC before raising Bivens claims in this suit. Here, the federal defendants state that Plaintiff has failed to exhaust his administrative remedies for the constitutional issues contained in this lawsuit. (See Davidson Declaration, Defs' Mtn to Dismiss, Ex. A.) Despite filing pleadings in this matter concerning prison conditions (plaintiff's alleged assault at the hands of several guards and the defendants' refusal of medical treatment), and claiming that he exhausted his administrative remedies available to him at FDC, a review of the document Plaintiff attached as Exhibit A to his Second Amended Complaint shows that although he filed an administrative claim for common law tort claims under the Federal Tort Claims Act regarding his alleged assault, he failed to file an administrative claim through the prison's grievance system as required by the PLRA. (Sec Am Compl, Ex. A.) Plaintiff submitted one administrative remedy request to FDC appealing a December of 2012 incident report that he received for failing to follow sanitation regulations in his cell. However, no administrative claims regarding this incident were submitted to FDC. (See Davidson Declaration; attachment A to Davidson Declaration.) As the matter at hand involved an

alleged assault in April of 2012, not a December 2012 sanitation issue, it is evident that Plaintiff did not exhaust his administrative remedies concerning the issues set forth in this case. Further, Plaintiff's exhaustion of his common law tort claims as shown in Exhibit A to his Second Amended Complaint has no bearing whatsoever on the exhaustion of his Bivens claims under the PLRA. "Because of the mandatory exhaustion procedures under both the PLRA and the FTCA, and the separate purposes of these procedures with respect to their different claims, courts have consistently held that fulfillment of one exhaustion requirement does not satisfy the other." West v. Schultz, 2014 WL 1668093, *9 (M.D. Pa. Apr. 24, 2014), citing Lambert v. United States, 198 F. App'x 835, 840 (11th Cir. 2006); Brockett v. Parks, 48 F. App'x 539, 541 (6th Cir. 2002). Although it may be burdensome on an inmate, the law requires that the administrative procedures under both the PLRA and the FTCA be exhausted in order to bring Bivens and tort claims in Federal Court arising out of the same incident.

As Plaintiff did not exhaust his administrative remedies for his Bivens claims, his time to do so has passed, and he failed to plead any conduct by the defendants that prevented him from exhausting these administrative remedies, it is appropriate to dismiss his action with prejudice. See Ramos v. Smith, 187 Fed. App'x 152 (3d Cir. 2006). Plaintiff had to commence the Administrative Remedy Request within twenty days of the incident he was complaining of, which occurred in April of 2012, and he never did. Therefore, his time to exhaust his administrative remedies has clearly passed now, over three years later. Therefore, I will dismiss Plaintiff's civil rights claims as to Defendant Harris with prejudice.[5]

---

[5] Even if Plaintiff's civil rights claim against Harris was not barred due to his failure to exhaust under the PLRA, Plaintiff still cannot recover from Harris because the PLRA states that "[n]o Federal civil action

**C.  Common Law Tort Claims Brought Against All Defendants.**

The Federal Tort Claims Act ("FTCA") is the exclusive remedy for tort claims brought against the United States. 28 U.S.C. § 2679(a). Pursuant to the FTCA, the United States has waived sovereign immunity for certain common law tort claims resulting from acts of an employee of the government acting within the scope of his employment. 28 U.S.C. § 2679(b)(1). However, "only the United States, not any of its officials, employees or agencies, may be sued under the FTCA." Leitch v. MVM, Inc., 2004 WL 1638132, *12 (E.D. Pa. July 22, 2004); see also Brown v. U.S. Post Office, 2002 WL 511466, at *1 (E.D. Pa. Apr. 4, 2002) (citing Meyers & Myers, Inc. v. U.S. Post Office, 527 F.2d 1252, 1256 (2d Cir. 1975)). Further, no suit may be instituted until an administrative claim is filed with the agency responsible for the injury. See § 2675(a); McNeil v. United States, 508 U.S. 106, 112 (1993). Once the administrative claim is filed, the agency must deny the claim by mailing a denial letter before a claimant can institute suit. See § 2675(a). A claimant then has six months from the mailing of the denial letter to file suit or "be forever barred" from suing the United States. See § 2401(b); 39 C.F.R. § 912.3(b).

In the instant matter, Plaintiff claims the assault in question occurred on April 12, 2012. His Administrative Claim was received by the Bureau of Prisons on August 9, 2013. Meanwhile, on August 29, 2013, Plaintiff commenced the instant litigation by filing an application to proceed in district court without prepaying fees or costs. (See

---

may be brought by a prisoner . . .without a prior showing of physical injury," 42 U.S.C. § 1997e(e), and in this case, Plaintiff has only alleged depression, nervousness, sleep issues, weight gain and a fear of authority figures. (Sec. Am. Compl. ¶ 45.) These types of injuries have been found not to be physical injuries under the PLRA, and Plaintiff's constitutional claim against Harris individually must fail for that reason as well. See Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003); Michel v. Levinson, 437 Fed. App'x 160, 163-64 (3d Cir. 2011); Simpson v. Chester County Prison, 2010 WL 3323119 (E.D. Pa. Aug. 19. 2010).

Docket No. 1.) On September 11, 2013, Judge Ludwig entered an order granting Plaintiff's request to proceed without prepaying the costs and warning Plaintiff that "to the extent [he] sought to assert claims under the Federal Tort Claims Act, that statute 'authorizes suits only against the United States itself, not individual defendants or agencies.'" (See Docket No. 2.) Plaintiff filed his first Complaint in the instant matter on September 12, 2013, (Docket No. 2), an Amended Complaint on October 9, 2013, (Docket No. 4) and a Second Amended Complaint on November 25, 2013. (Docket No. 7.) On February 7, 2014, the agency's denial letter of his administrative tort claim was mailed to Plaintiff. Plaintiff then filed another Second Amended Complaint on July 14, 2014, (Docket No. 20) to which he attached a copy of the denial letter as Exhibit A. This denial letter informed Plaintiff that he had six months from the date of the letter to bring an action against **the United States**. (Sec Am Compl, Ex. A.) Subsequent to his receipt of the denial letter, Plaintiff filed his second Second Amended Complaint, and despite being directed to do so by the denial letter, did not name the United States as a defendant, instead choosing to again name the individual federal employees as defendants.

Plaintiff had until August 7, 2014, six months after the mailing of the denial letter to file suit under the Federal Tort Claims Act against the United States, the proper defendant in such a matter. Plaintiff failed to do so, despite warnings by Judge Ludwig in his September 11, 2013 order that the United States was the proper defendant, and despite the denial letter specifically directing him to file suit against the United States if he was dissatisfied with the denial. Despite filing four complaints and having received several warnings, Plaintiff has failed to file a common law tort action against the United States, and his time to add the United States as a party has long since passed. Therefore, unless

the doctrine of equitable tolling applies, Plaintiff's tort claims must be dismissed, as they name individual defendants who are immune from suit instead of the proper defendant, the United States.

The doctrine of equitable tolling extends limitations periods for certain reasons. Courts have found that equitable tolling applies to the FTCA limitations period. See Forman v. U.S., 1999 WL 793429, *10 (E.D. Pa. Oct. 6, 1999); Patterson v. Potope, 2013 WL 1314050, *30 (M.D. Pa. Mar. 28, 2013). However, equitable tolling only applies if "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998). Equitable tolling does not forgive a "garden variety claim of excusable neglect." Patterson, 2013 WL 1314040 at *30, citing Forman, 1999 WL 793429 at *10.

In the instant matter, Plaintiff makes no allegations that defendants misled him or that he was prevented from asserting his rights. Further, Plaintiff does not argue that he asserted his rights in a timely fashion in some other forum. Therefore, equitable tolling clearly does not apply and Plaintiff's common law tort claims should be dismissed with prejudice.[6]

---

[6] Even if plaintiff could somehow properly file suit against the United States within the limitations period, his common law tort claims still must fail. Like the PLRA, the FTCA limits the damages that a prisoner can recover. Specifically, the FTCA provides that "[n]o person convicted of a felony who is incarcerated while awaiting sentence or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury…" 28 U.S.C. §1346(b)(2). As discussed above, Plaintiff makes no claim of physical injury; he merely alleges depression, nervousness, difficulty sleeping, weight gain and fear of authority figures. (Sec. Am. Compl. ¶ 45.) These allegations do not constitute physical injuries. See Mitchell, 318 F.3d at 533; Michel v. Levinson, 437 Fed. App'x 160, 163-64 (3d Cir. 2011); Simpson, 2010 WL 3323119. Therefore, Plaintiff's common law tort claims would fail for this reason as well.

**IV.**	**<u>CONCLUSION</u>**

For the foregoing reasons, the Federal Defendants' Motion to Dismiss Plaintiff's Complaint will be granted and Plaintiff's <u>Bivens</u> claims and common law tort claims are dismissed with prejudice.